Jeremy E. Branch, CA Bar #303240
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Ste. 201
Temecula, CA 92590
Telephone: (866) 329-9217 ext. 1009
Email: JeremyB@jlohman.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| HANK LEE, | ) Case No. |
| | ) |
| Plaintiff, | ) PLAINTIFF'S COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| – vs – | ) |
| | ) |
| FARMAR LAW GROUP, PC, | ) |
| | ) |
| Defendant. | ) |

NOW COMES Plaintiff, HANK LEE ("Plaintiff"), through his attorneys, hereby alleges the following against Defendant, FARMAR LAW GROUP, PC ("Defendant"):

**Nature of the Action**

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

**Parties**

3. Plaintiff is a natural person residing, in the city of La Crescenta, County of Los Angeles, California and is otherwise *sui juris*.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. §

1692a(3).

5. Defendant is a California professional company conducting business in the state of California, and has its principal place of business in Sherman Oaks, California.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Jurisdiction and Venue

8. Defendant is a California company and conducts business in the state of California. Therefore, personal jurisdiction is established.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10. Venue is proper in the United States District Court Central District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff and Defendant reside within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

### Factual Allegations

11. On or around November 6, 2019, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at (818) XXX-5091.

14. On or around November 6, 2019, Defendant left a voicemail message on Plaintiff's answering machine.

15. In the voicemail message, Defendant stated the call was from Farmar Law Group. This disclosure fails to meaningfully disclose Defendant's identity as a debt collector, the nature of the call or state that the call was from a debt collector.

16. Additionally, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

17. Further, this language, to the "least sophisticated consumer", implicates the communication is from an attorney and misleads the consumer as to the true nature and purpose of the call, especially since Defendant fails to inform it is functioning as a debt collector.

18. In the voicemail message, Defendant directed Plaintiff to call back telephone number (888) 700-4774, which is a number that belongs to Defendant.

19. Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in phone calls.

20. Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

**FIRST CAUSE OF ACTION**
**DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq*.**

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

PLAINTIFF'S COMPLAINT

    a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    b. Defendant violated *§1692(d)(6)* of the FDCPA by failing to meaningfully disclose its identity in phone calls made to Plaintiff.

    c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection;

    d. Defendant violated *§1692(e)(3)* of the FDCPA by implicating that the call was from an attorney; and

    e. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

## SECOND CAUSE OF ACTION
## DEFENDANT VIOLATED THE RFDCPA CA. CIV. CODE *§ 1788 et seq.*

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. Defendant's violations of the RFDCPA include, but are not limited to, the following:

    a. Defendant violated *§1788.17* by failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

25. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

26. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

27. Awarding such other and further relief as may be just, proper and equitable.

## SECOND CAUSE OF ACTION

28. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

29. Statutory damages of $1000.00 pursuant to Cal. Civ. Code §1788.30(b);

30. Reasonable attorney's fees, costs pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(c); and

31. Actual damages and compensatory damages according to proof at time of trial.

## **JURY TRIAL DEMAND**

32.  Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: April 15, 2020         By:*Jeremy E. Branch*
                              Attorneys for Plaintiff